## FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-2211
LT Case No. 2007-CF-004464

_____

VINCENT CROWELL,

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

_____

Petition for Writ of Habeas Corpus.
A Case of Original Jurisdiction.

Vincent Crowell, Lawtey, pro se.

No Appearance for Respondent.

September 22, 2023

PER CURIAM.

Petitioner Vincent Crowell has filed a "Motion for Manifest Injustice" which this Court treats as a petition for writ of habeas corpus. In this successive pleading, Crowell has once again failed to establish that he is illegally detained or that any manifest injustice has occurred. Finding his petition to be unauthorized and successive, we dismiss the petition. *See Johnson v. Singletary*, 647 So. 2d 106, 109 (Fla. 1994).

PETITION DISMISSED.

HARRIS and SOUD, JJ., concur.
MACIVER, J., concurs specially, with opinion.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

MACIVER, J., concurring.       Case No. 5D23-2211
                              LT Case No. 2007-CF-4464


I concur in the dismissal of Crowell's petition as an unauthorized successive petition seeking the same relief. I write separately to clarify that I do not agree with the district cases that have held that *State v. Lewars*, 259 So. 3d 793 (Fla. 2018), does not apply retroactively.

Relying, perhaps too axiomatically, on *Witt v. State*, 387 So. 2d 922 (Fla. 1980), district court opinions have described the *Lewars* holding as an "evolutionary refinement" of the law. *See Sims v. State*, 286 So. 3d 292, 294 (Fla. 4th DCA. 2019); *Wilson v. State*, 279 So. 3d 756, 757 (Fla. 2nd DCA. 2019). To the contrary, *Lewars* did little more than compel a plain reading of a statutory provision that had not itself been changed.

Contrasting the major constitutional changes that would be cognizable in post-conviction capital cases, the Supreme Court in *Witt* elaborated on what it meant by "evolutionary refinements."

> In contrast to these jurisprudential upheavals are evolutionary refinements in the criminal law, affording new or different standards for the admissibility of evidence, for procedural fairness, for proportionality review of capital cases, and for other like matters. Emergent rights in these categories, or the retraction of former rights of this genre, do not compel an abridgement of the finality of judgments.

*Witt*, 387 So. 2d at 929.

A dictate from the Supreme Court to read a statute as plainly written is not the same as a court's expansion or retraction of rights under an amorphous, overarching standard and is not similar in kind to the other examples alluded to by the *Witt* court, i.e., standards of admissibility, standards of procedural fairness, or for proportionality review of capital cases. In short, the law has not "evolved," rather, decisional law that was incompatible with the plain text of the statute was recognized as such and dispensed with.

3